IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ANGELA LEWIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 5:04-CV-434 (CAR) |
| MICHAEL J. ASTRUE, Commissioner of | : | |
| Social Security, | : | |
| | : | |
| Defendant. | : | |

_____

**ORDER ON MOTION FOR SPECIFICATION OF TIME**

Currently before the Court is Plaintiff's Counsel's "Motion for Attorney Fee under the Social Security Act, or Alternatively, for Specification of Time to File Motion for Attorney Fee under the Social Security Act" [Doc. 23]. Defendant filed a timely Response [Doc. 24], and Plaintiff thereafter filed a timely Reply [Doc. 25]. Through the present motion, Plaintiff's Counsel is, in essence, seeking guidance from this Court as to the appropriate time to file a motion for attorney fees in this case.

There are, in fact, two ways for attorneys to receive fees in social security cases. An hourly fee may be recovered under the Equal Access to Justice Act, 28 U.S.C. § 2412, or counsel may seek to recover a 25 percent contingency fee under the Social Security Act, 42 U.S.C. §§ 408(b), 1383(d). Counsel, in this case, seeks to recover the contingency fee available under the Social Security Act, which is generally a larger fee than the hourly rate allowed by the Equal Access to Justice Act. The Eleventh Circuit Court of Appeals previously held that the time for filing a motion for attorneys fees under either act was the same, i.e., "no later than 14 days after the entry of judgment." Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273 (11th Cir. 2006). This rule has caused some problems, however. The hourly rate awarded under the Equal Access to Justice Act can easily be calculated following the

district court's remand of the Social Security case to the Commissioner, and the 14 day rule is not an issue. The contingency fee, on the other hand, cannot be calculated until after a successful conclusion of proceedings on remand. This sometimes takes months, and thus, the deadline for filing a motion for fees will pass long before counsel knows whether such fees are even available.

As a consequence, Plaintiff's Counsel, under the Eleventh Circuit Authority of <u>Bergen v. Comm'r of Soc. Sec.</u>, 454 F.3d 1273 (11th Cir. 2006), filed the present motion for some guidance as to when a motion would be timely. Fortunately, shortly after Plaintiff's Counsel filed the present motion, the Eleventh Circuit Court of Appeals recognized this problem :

> We are very sympathetic with the attorney's plight under the unique circumstances created by a remand judgment under sentence four of 42 U.S.C. § 405(g). Our understanding is the amount of fees owed under a contingency arrangement is not established for months after remand, until the Social Security Administration determines the amount of the client's award. In <u>Bergen v. Comm'r of Soc. Sec.</u>, 454 F.3d 1273 (11th Cir. 2006), we suggested the best practice for avoiding confusion about the integration of Fed. R. Civ. P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406 is for a plaintiff to request and the district court to include in the remand judgment a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the Commission. 454 F.3d at 1278 n. 2. As we understand it, however, the best practice has not been a universally-workable solution. Perhaps another vehicle for creating some much needed certainty in this area of the law is for the district courts to fashion a general order or a local rule permitting district-wide application of a universal process for seeking fees under these unique circumstance. It is our hope the district courts, in doing so, will keep in mind Congress's intent behind § 406(b), to encourage attorneys to represent Social Security claimants. <u>See</u> <u>Bergen</u>, 454 F.3d at 1276.

<u>Blitch v. Astrue</u>, 261 Fed. Appx. 241 n.1 (11th Cir. 2008). Under this authority, the district courts are urged to fashion a standard deadline or procedure for seeking fees under the Social Security Act. Many districts have done so. This Court, in fact, recently entered a Standing Order adopting the following procedures and filing schedule with regard to Section 406(b) and Section 1383(d)(2) motions for attorney's fees:

(I)    If the plaintiffs attorney seeks attorney's fees under 42 U.S.C. §§ 406(b) or

      1383(d)(2) he or she must file a motion for approval of such fees no later than thirty (30) days after the date of the Social Security letter sent to the plaintiffs counsel of record at the conclusion of the Agency's past-due benefit calculation stating the amount withheld for attorney's fees.

(II)    The defendant's response, if any, shall be filed no later than thirty (30) days after the plaintiff's attorney serves the motion on the defendant.

(III)    Plaintiff shall file any reply within ten (10) days of service of defendant's response.

Standing Order No. 2009-01 (M.D. Ga. 2009).

Thus, pursuant to the Eleventh Circuit's suggestion in <u>Bergen v. Commissioner of Social Security</u>, 454 F.3d 1273, 1278 n. 2 (11th Cir.2006) and <u>Blitch v. Astrue</u>, 261 Fed. Appx. 241 (11th Cir. 2008), and this Court's Standard Order, Plaintiff SHALL have until thirty (30) days after he receives notice of any amount of past due benefits awarded, as identified above, to seek attorney's fees under the Social Security Act. If, in the present case, Plaintiff has already received notice of an amount of past due benefits awarded, he SHALL have until thirty (30) days from the date of this Order to re-file an appropriate motion for attorneys fees under the Act.

SO ORDERED this 16th day of January, 2009.

<u>S/ C. Ashley Royal</u><br>
C. ASHLEY ROYAL<br>
United States District Judge

JLR/